UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEMUS,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>T. GUTIERREZ, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 17-cv-01500-MMA-JLB<br><br>**ORDER: (1) DENYING PLAINTIFF'S MOTION TO COMPEL, AND (2) SETTING STATUS CONFERENCE**<br><br>**[ECF Nos. 36, 38]** |

On July 19, 2018, Plaintiff David Lemus filed a Motion to Compel Discovery requesting Defendants be ordered to provide him with materials relating to the deposition of Rickey Richard Cruz, Plaintiff's cellmate who was present at the time of the incident at issue in this case. (ECF No. 36.) On August 1, 2018, Defendants filed a response to Plaintiff's Motion to Compel indicating that the parties had met and conferred on Plaintiff's request. (ECF No. 38.) Although Defendants did not agree to provide Plaintiff with a copy of Mr. Cruz's deposition transcript, they agreed to postpone Plaintiff's deposition so that he could obtain the deposition transcript from the court reporter. (*Id*. at 1-2.) Defendants also requested a thirty day extension of the deadlines to complete discovery and file pretrial motions so that Plaintiff could obtain Mr. Cruz's deposition transcript and the parties could move forward with Plaintiff's deposition. (*Id*. at 4.)

1

Plaintiff's Motion to Compel (ECF No. 36) is **DENIED**. Plaintiff appears to seek an order compelling Defendants to provide him with a free copy of Mr. Cruz's deposition transcript. (*Id.*) A person who transcribes a deposition is required to provide a copy of the transcript to any party or the deponent only *when paid reasonable charges therefor*. Fed. R. Civ. P. 30(f)(3). Plaintiff cannot compel Defendants to provide him with a free copy of the deposition transcript. *See Brown v. Castillo*, No. CV-F-02-6018 AWI DLB P, 2006 WL 1408452, at *1 (E.D. Cal. May 22, 2006) ("Neither this court nor defendant can provide a copy [of the deposition transcript] to plaintiff without the authorization of the court reporter."); *Davis v. Molina*, No. 1:14-cv-1554-BAM (PC), 2017 U.S. Dist. LEXIS 159176, *1-3 (E.D. Cal., Sept. 27, 2017). Nor may the Court provide Plaintiff with financial assistance to obtain the deposition transcript. Although Plaintiff was granted leave to proceed *in forma pauperis* in this case (ECF No. 3), it is well established that "the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress." *Tedder v. Odel*, 890 F.3d 210, 211 (9th Cir. 1989) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976)). The expenditure of public funds for deposition transcripts is not authorized by the *in forma pauperis* statute or any other statute. *See* 28 U.S.C. § 1915; *Boyd v. Etchebehere*, No. 11301966LJOSABPC, 2017 WL 1632887, at *2 (E.D. Cal. May 1, 2017) ("[T]he law does not require that Plaintiff be provided a free copy of his deposition transcript unless he has paid for a copy and Defendant is under no obligation to provide Plaintiff with a free copy of the transcript."). If Plaintiff desires a copy of Mr. Cruz's deposition transcript, he must request it from the court reporter and pay the reasonable charges for the transcript. *See* Fed. R. Civ. P. 30(f)(3); *Hutchinson v. Cal. Prison Indus. Auth.,* No. 4:13-cv-04635-CW (LB), 2015 U.S. Dist. LEXIS 97001, at *8 (N.D. Cal. July 23, 2015) ("the rule generally provides that a party must obtain a copy from the court reporter, who must provide it when paid reasonable charges").

**IT IS FURTHER ORDERED** that a telephonic Status Conference regarding Defendants' Ex Parte Motion to Extend Discovery and Motion Cutoff Dates (ECF No. 38)

is hereby **SET** for **August 7, 2018** at **11:30 AM** before Judge Burkhardt.  Counsel for Defendants shall assist in coordinating the arrangements for Plaintiff's telephonic appearance at the Conference.

**IT IS SO ORDERED.**

Dated:  August 2, 2018

Hon. Jill L. Burkhardt
United States Magistrate Judge